# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/23/2022 13:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden, Deputy Clerk

Case 2:22-cv-04498-AB-KS   Document 1   22STCV20506   Filed 06/30/22   Page 2 of 56   Page ID #:11

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARDINAL HEALTH, INC.; CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 112, LLC; LEADER DRUG STORES, INC. DBA LEADERNET; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WHOLERX INC., dba PORTER RANCH PHARMACY, a California Corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

111 North Hill Street
Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 22STCV20506 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Armond Marcarian - Marcarian Law Firm - 21650 Oxnard Street, Suite 1980, Woodland Hills, CA 91367
T: 818-995-8787          Sherri R. Carter Executive Officer / Clerk of Court

DATE: X June 23, 2022
*(Fecha)* 06/23/2022          Clerk, by *(Secretario)* J. So          , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 06/22/2022 04:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:22-cv-04498-AB-KS    Document 1    Filed 06/30/22    Page 3 of 56    Page ID #:12

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Armond Marcarian (SBN 213883) <br> Marcarian Law Firm, P.C. <br> 21650 Oxnard Street, Suite 1980 <br> Woodland Hills, California 91367 <br> TELEPHONE NO.: (818) 995-8787    FAX NO.: (818) 975-9999 <br> ATTORNEY FOR *(Name):* Plaintiff WholeRx INC., dba Porter Ranch Pharmacy | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

| CASE NAME: <br> WholeRx INC. v. Cardinal Health, Inc. et al. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** <br> ☑ **Unlimited**    ☐ **Limited** <br> (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | **Complex Case Designation** <br> ☐ **Counter**    ☐ **Joinder** <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> 22STCV20506 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br> **(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☑ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Five
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 22, 2022
Kristina Markarian, Esq.
_____
(TYPE OR PRINT NAME)

▶ *(signature)* Kristina Markarian
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                        **CIVIL CASE COVER SHEET**                        Page 2 of 2

| SHORT TITLE: WholeRx INC. v. Cardinal Health, Inc. et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: WholeRx INC. v. Cardinal Health, Inc. et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☑ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: WholeRx INC. v. Cardinal Health, Inc. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: WholeRx INC. v. Cardinal Health, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 111 N. Hill Street |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 22, 2022

*Kristine Markarian*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Los Angeles on 06/22/2022 04:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:22-cv-04498-AB-KS    Document 1-1    Filed 06/30/22    Page 9 of 56    Page ID #:18

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

MARCARIAN LAW FIRM
A Professional Law Corporation
ARMOND MARCARIAN, ESQ. (CBN 213883)
armond@marcarianlaw.us
MARC L. McCULLOCH, ESQ. (CBN 252526)
marc@marcarianlaw.us
KRISTINA N. MARKARIAN, ESQ. (CBN 330144)
kristina@marcarianlaw.us
21650 OXNARD STREET, SUITE 1980
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE: (818) 995-8787
FACSIMILE: (818) 975-9999

Attorneys for Plaintiff WHOLERX INC., dba PORTER RANCH PHARMACY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

| | |
|---|---|
| WHOLERX INC., dba PORTER RANCH PHARMACY, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH, INC.;<br>CARDINAL HEALTH 110, LLC;<br>CARDINAL HEALTH 112, LLC; LEADER DRUG STORES, INC. DBA LEADERNET; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 22STCV20506<br><br>**COMPLAINT FOR:**<br><br>1. **Breach of Fiduciary Duty;**<br><br>2. **Constructive Fraud;**<br><br>3. **Breach of Written Contract;**<br><br>4. **Breach of Implied Covenant of Good Faith and Fair Dealing; and**<br><br>5. **Unfair Competition in Violation of California Business & Professions Code §§ 17200 et seq.** |

MARCARIAN LAW FIRM

_____
COMPLAINT

WholeRx INC., alleges as follows:

## PARTIES

1. **Plaintiff.**

a)    WholeRx INC. ("Porter Ranch Pharmacy," or the "Pharmacy") is, and at all times relevant to this Complaint was, a corporation organized and existing under the laws of the State of California with its principal place of business located at 19950 Rinaldi Street, Suite 102, Porter Ranch, California.

2. **Defendants.**

a)    CARDINAL HEALTH, INC. is an Ohio corporation formed in 1979 and is a globally integrated healthcare services and products company providing customized solutions for hospital systems, pharmacies, ambulatory surgery centers, clinical laboratories and physicians' offices.  Cardinal Health, Inc. has various subsidiaries and conducts business through its subsidiaries in all states including in the State of California.

b)    CARDINAL HEALTH 110, LLC is a limited liability company duly formed under the laws of the State of Delaware and distributes pharmaceutical products and does business through various entities and affiliates of defendant Cardinal Health, Inc. in the State of California.

c)    Pharmacy is informed and believes and thereon alleges that CARDINAL HEALTH 112, LLC is a limited liability company organized under the laws of the State of Delaware and distributes pharmaceutical products and does business through various entities and affiliates of defendant Cardinal Health, Inc. in the State of California.

d)    Pharmacy is informed and believes and thereon alleges that defendant Leader Drug Stores, Inc. d/b/a LeaderNET ("LeaderNET") is, and at all times mentioned in this Complaint was, a corporation organized and existing under the laws of the State of Ohio and operating, in part, as a Pharmacy Services Administration Organization ("PSAO") and the contracting agent[1] for the Pharmacy with its principal place of business located at Dublin, Ohio.

---

[1] On behalf of pharmacies including Porter Ranch Pharmacy, LeaderNET contracts with various pharmacy benefit managers and, at times relevant to this complaint, entered the Pharmacy in various managed care programs and acted as the Pharmacy's agent.

1

MARCARIAN LAW FIRM

e)       Unless otherwise designated hereinafter, all references to "Defendants," or "Cardinal Health" shall mean CARDINAL HEALTH, INC., CARDINAL HEALTH 110, LLC, CARDINAL HEALTH 112, LLC, and LEADER DRUG STORES, INC.

3.       Pharmacy is unaware of the true names or capacities of defendants sued herein as DOES 1 through 20 inclusive, and for that reason sues said defendants by such fictitious names. Pharmacy is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.  Pharmacy will file and serve an amendment to this Complaint alleging the true names and capacities of said fictitiously named defendants if and when such true names and capacities become known to Pharmacy.

4.       Pharmacy is informed and believes and thereon alleges that each of the defendants named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the other defendants named herein, and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other defendants named herein.

**Conspiracy Allegations**

5.       On information and belief, on a date at least as early as June 10, 2022, Cardinal Health, and Does 1 through 20, formed a conspiracy to cause the termination of the Defendants' obligation to sell controlled substances to the Pharmacy.

6.       Pharmacy is informed and believes and thereon alleges that the Defendants, and Does 1 through 20, through one or more of their affiliated entities, agreed orally and/or as implied by their conduct to a common plan or design to commit at least one unlawful act including the abrupt cessation of shipment of controlled substances to the Pharmacy even though the continued distribution of such products to the Pharmacy would not have posed an unreasonable risk of diversion of such products based on the totality of the circumstances and such other considerations as may be relevant as more fully set forth below.

7.       Pharmacy is informed and believes and thereon alleges that each affiliate and division of the Defendants was aware of, agreed to, and instructed the Defendants' regulatory

2

COMPLAINT

"compliance division" to pull the plug on the Pharmacy's ability to purchase controlled substances from the Defendants.

## GENERAL ALLEGATIONS

8.    Porter Ranch Pharmacy is a local mom-and-pop retail pharmacy that was established sometime in September 2007 and operated under the same ownership until it was sold to WholeRx, Inc. in 2021.

9.    Defendants are among the largest entities in the U.S. with gross sales of $160 billion in revenue in 2021 and one of the several companies entangled in lawsuits over their alleged role in the opioid crisis that led the Defendants to agree to pay $6.4 billion in settlements to help pay for health care and drug-treatment programs.

10.    Cardinal Health's wrongful conduct alleged in this complaint relates to the prescriptions dispensed by WholeRx, Inc., the current legal owner of Porter Ranch Pharmacy.

11.    On or about February 4, 2021, the Pharmacy entered into a written certification agreement with the American Associated Pharmacies ("AAP") (hereinafter the "Certification Agreement") and became a "member" of said entity.  As more fully set forth below, pursuant to the terms of the Certification Agreement, the Pharmacy and two of the Cardinal Health defendants – Cardinal Health 110, LLC and Cardinal Health 112, LLC – agreed in writing for the legal distribution of pharmaceuticals by the two Cardinal Health defendants to the Pharmacy and the Pharmacy agreed to purchase pharmaceuticals from Cardinal Health under the terms of the Prime Vendor Agreement[2] between the two Cardinal Health defendants and AAP.

12.    At all times relevant to this complaint, Porter Ranch Pharmacy complied with, and has continued to comply with, all applicable licensing requirements of all applicable federal, state and local governmental authorities as well as all of the other provisions of the Certification Agreement.

///

///

_____

[2] Defendants have refused and continue to refuse to provide the Pharmacy a copy of the Prime Vendor Agreement.

3

COMPLAINT

**MARCARIAN LAW FIRM**

13.     Soon after the change of ownership referenced above, on or about March 15, 2021, LeaderNET informed the Pharmacy that its enrolment application to participate in the LeaderNET managed care program was reviewed and the Pharmacy "passed credentialing."

14.     Having "passed" Cardinal Health's requirements including meeting Cardinal Health's regulatory and compliance measures as well as its credentialing requirements, Porter Ranch Pharmacy became affiliated with LeaderNET effective as of on or about May 24, 2021.

15.     At all times relevant to this complaint, Porter Ranch Pharmacy complied with all applicable laws, rules, regulations, ordinances and guidance of the federal Drug Enforcement Administration ("DEA"), the California Board of Pharmacy laws and state regulations.

16.     Porter Ranch Pharmacy does not dispense or furnish controlled substances to patients if it has reason to suspect, or if it suspects, that a prescription for a controlled substance is not issued for a legitimate medical purpose.

17.     Porter Ranch Pharmacy has policies and procedures that are designed to identify prescriptions for controlled substances which are or may be issued for a non-legitimate medical purpose.  The Pharmacy denies any prescription that is not or may not be issued for a legitimate medical purpose.

18.     The Automation of Reports and Consolidated Orders System ("ARCOS"), the Defendants' own distribution information of controlled substances to the Pharmacy, and the Pharmacy's statistical dispensation data for controlled substance prescriptions for the period after the new ownership of Porter Ranch Pharmacy would unequivocally corroborate the Pharmacy's effective control measures and the controls against diversion of controlled substances to the Pharmacy's patients.

19.     Porter Ranch Pharmacy's controlled substance dispensing data during the relevant time period is consistent with the industry standards and is within the reasonable and acceptable percentages of the overall volume of the prescriptions the Pharmacy has dispensed during the relevant time period.

20.     Pharmacy's dispensing data of controlled substances since the change of ownership demonstrates a very significant reduction of the controlled substance prescriptions

4

dispensed by the Pharmacy to its patients, a fact confirmed in the early part of June 2022 by Cardinal Health's compliance division representatives for controlled substance monitoring.

### Parties' Fiduciary Relationship & Convoluted Arrangements Between Defendants and PBMs

21.     The relationship between the Pharmacy and at least one of the named defendants in this action including LeaderNET is that of a fiduciary relationship as more fully set forth below.

22.     As alleged above, LeaderNET is commonly known in the industry as a pharmacy services administrative organization ("PSAO") that provides retail pharmacies, such as the Pharmacy, access to pharmacy networks through intentionally convoluted contracting arrangements and agreements with third-party payers and PBMs[3] such as OptumRx and other PBMs.

23.     LeaderNET has unequivocally represented itself to various entities as "the agent for" the Pharmacy.

24.     LeaderNET acted as an *agent of the Pharmacy* for purposes of contracting with PBMs and other managed care organizations.  LeaderNET acted as an *attorney-in-fact* for independent pharmacies such as the Pharmacy by entering into contracts on their behalf with PBMs.  PSAOs including LeaderNET also collect accounts receivable on behalf of pharmacies.  As such, LeaderNET exhibits significant control over the Pharmacy.  Eighty percent of independent pharmacies in the U.S. are represented by PSAOs such as LeaderNET.

25.     LeaderNET, acting as the Pharmacy's agent, through a Pharmacy Network Agreement, entered the Pharmacy in various health plan networks in order for it to gain a larger market share in the competitive pharmacy industry for the prescriptions dispensed by the Pharmacy to members of the various health plans, the prescription benefit part of which are administered by PBMs such as OptumRx Inc.

---

[3] OptumRx, Inc. is a pharmacy benefit manager ("PBM") as defined by California Business and Professions Code section 4430, subdivision (g).  As a PBM, OptumRx manages the prescription drug coverage by insurance carriers, plan sponsors, and other entities.

5

COMPLAINT

26.     Pharmacy is informed and believes and thereon alleges the Defendants acting through multiple agreements, some of which have been kept secret[4] from Porter Ranch Pharmacy, agreed to sell to the Pharmacy for purchase and distribution prescription drug products, including controlled substances, and other pharmaceutical and non-pharmaceutical products.

### The Pharmacy, The Drug Wholesaler Defendants
### and Affiliated PSAO and PBMs: A Mess!

27.     Cardinal Health uses large PBMs and its affiliated PSAO, LeaderNET, to enter into massively complex contractual arrangements and contracts of adhesion to lure mom-and-pop retail pharmacies such as Porter Ranch Pharmacy to gain a very large market share in the competitive pharmaceutical supply chain industry in order to distribute prescription drug prescriptions and other pharmaceutical products into stream of commerce.

28.     PBMs manage pharmacy benefits for employers and businesses by brokering between the insurance carriers, the drug manufacturers, the drug wholesalers and the pharmacies. Three major PBMs comprise 80-85% of the U.S. market and cover 180 million enrollees.[5]

### Contracts of Adhesion

29.     In order to survive, the Pharmacy was forced to join the LeaderNET Managed Care Program through a contract of adhesion. Some of the PBMs like OptumRx would not contract directly with independent pharmacies and require the pharmacies to contract through PSAOs such as LeaderNET which, acting as the Pharmacy's agent, contracts directly with the PBMs for the benefit of the Pharmacy's members.

30.     Porter Ranch Pharmacy relied on LedaerNET's fiduciary obligations to protect its interest and in consideration for same agreed to purchase prescription drug products and other

[4] Pharmacy never received a document titled Health 110, LLC and Cardinal Health LLC 112, LLC. GPO acted as Pharmacy's agent the "Prime Vendor Agreement" which is between the American Associated Pharmacies ("GPO") and Cardinal with respect to the rights and obligations provided to the Pharmacy under the Prime Vendor Agreement.

[5] Independent, community pharmacies such as the Plaintiff have become pawns in the tug of war waged by OptumRx and other PBMs for increased share in the oligopoly known as the PBM marketplace.

MARCARIAN LAW FIRM

pharmaceutical products from Cardinal Health in accordance with the convoluted scheme orchestrated by the Defendants.

### Defendants Ceased Shipment of Controlled Substances to the Pharmacy

31. Defendants have gone to the extreme by shutting off the Pharmacy's business lifeline because they believe they can because of their superiority and massive resources!

32. On or about June 13, 2022, Cardinal Health abruptly, without any valid, lawful or legitimate reason, turned-off the Pharmacy's ability to purchase controlled substance prescription drugs despite their contractual obligation as the Pharmacy's sole and primary source of prescription drug supplier and despite the existence of a fiduciary relationship between the parties.

33. Defendants' unlawful shutting off of the Pharmacy from buying what it requires to sustain its operations presumably arises from the consequences of Cardinal Health's past cavalier attitude and lack of control in the distribution of controlled substances that contributed to the opioid crisis this county has faced. The pendulum has now swung!

34. Defendants' irrational and inexplicably reckless conduct of severing the Pharmacy's ability to purchase controlled substance prescription drugs from its main and only prescription drug wholesaler has placed the health and welfare of the Pharmacy's patients at grave risk as set forth in the redacted declarations attached to this complaint and collectively marked as Exhibit "1".

**FIRST CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**
**Against Defendants & Does 1 through 20**

35. Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 34 as if set forth in full herein.

36. Cardinal Health acted as a contracting agent for the Pharmacy in entering it into the pharmacy network agreements with some of the PBMs including OptumRx.

37. There was a fiduciary relationship between the Plaintiff and LeaderNET which arose from the agency relationship between the Pharmacy and LeaderNET.

38. LeaderNET owed a fiduciary duty to the Pharmacy.

7

MARCARIAN LAW FIRM

39.    Cardinal Health held itself out to the Pharmacy as particularly knowledgeable and experienced in the area of pharmacy network contract negotiations, pharmaceutical product distribution, and consulting and other services.

40.    Pharmacy relied on Cardinal Health for their purported expertise as alleged above.

41.    As fiduciaries who represented the Pharmacy, Cardinal Health was required to act with the utmost good faith for the benefit of the Pharmacy.

42.    Cardinal Health knowingly undertook to act on behalf of the Pharmacy when it entered into the pharmacy network agreements with PBMs such OptumRx, and by causing the Pharmacy to enter into the Certification Agreement to purchase pharmaceutical products from Cardinal Health 110, LLC and Cardinal Health 112, LLC.

43.    Cardinal Health failed to use reasonable care in discharging its fiduciary duty owed to the Pharmacy.

44.    Cardinal Health failed to act as a reasonably prudent agent would under the same or similar circumstances.

45.    Cardinal Health placed the Pharmacy in various arrangements and agreements with its own various affiliates and with entities unrelated to the Defendants such as OptumRx and AAP in order for Cardinal Health to generate revenues from the Pharmacy's participation in such arrangements.

46.    Cardinal Health breached its fiduciary duty to the Pharmacy by abruptly terminating the Pharmacy's ability to purchase controlled substance prescription drug products from Cardinal Health thereby leaving the Pharmacy "out in the cold."

47.    Cardinal Health's abrupt, unjustified cessation of shipment of controlled substances to the Pharmacy amounts to a breach of a duty owed to the Pharmacy and deviates from the standard of care owed by Cardinal Health to the Pharmacy.

48.    Porter Ranch Pharmacy was harmed, and continues to experience harm, by Cardinal Health's breach of fiduciary duty owed to the Pharmacy.

49.    Cardinal Health's conduct as alleged herein was a substantial factor in causing the Pharmacy's harm.

8

50. Cardinal Health's conduct as alleged herein is the proximate cause of injuries the Pharmacy has experienced, and will continue to experience, unless Carinal Health restores the Pharmacy's ability to purchase a full-line of pharmaceutical products including controlled substances from Cardinal Health. As a result of the foregoing, the Pharmacy has sustained damages according to proof at trial.

**SECOND CAUSE OF ACTION**
**(Constructive Fraud)**
**Against Defendants & Does 1-20**

51. Pharmacy incorporates by reference each and every allegation set forth in Paragraphs 1 through 34 as if set forth in full herein.

52. Cardinal Health, knew, or should have known, that the representation made in the Certification Agreement was false.

53. Cardinal Health misled the Pharmacy by failing to disclose the true and accurate terms of the Certification Agreement it represented to the Pharmacy and by keeping the terms of said agreement concealed from the Pharmacy before they entered into the Certification Agreement for the distribution of the pharmaceutical products Cardinal Health represented to the Plaintiff it would sell to the Pharmacy.

54. Cardinal Health further misled the Pharmacy by refusing, and continuing to refuse, to provide the Pharmacy with a complete, fully executed copy of the Prime Vendor Agreement or a copy of the "Member Terms and Conditions" document referenced in the Certification Agreement before or after the Pharmacy entered into the Certification Agreement.

55. Cardinal Health failed, and continues to fail, to provide complete and accurate information regarding the Pharmacy's arrangement with Cardinal Health and has intentionally obfuscated the parties' arrangement so as to evade its legal obligations owed to the Pharmacy.

56. Pharmacy was harmed by Cardinal Health's unlawful acts and conduct as set forth herein.

57. Cardinal Health's conduct was a substantial factor in causing the Pharmacy's harm in a sum according to proof at trial.

///

9

COMPLAINT

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**
**Against Defendants and Does 1 through 20**

58.     Pharmacy incorporates by reference each and every allegation set forth in Paragraphs 1 through 34, including the contractual provisions referenced above, as if set forth in full herein.

59.     Pharmacy faithfully performed all of its obligations required under the various written agreements including the Certification Agreement, material provisions of which are stated below:

   a)   Pharmacy as a member of AAP agreed "to purchase pharmaceuticals from Cardinal Health under the terms of that certain Prime Vendor Agreement by and between GPO and Cardinal Health which was effective as of September 1, 2018 (the 'Prime Vendor Agreement')."

   b)   The Certification Agreement provides that the Pharmacy received a copy of the Member Terms and Conditions document, which sets froth the material terms of the Prime Vendor Agreement…"[6]

   c)   The Certification Agreement shall be effective as of the first day of the first month following the full following the full execution of this Certification Agreement, and shall continue in effect thereafter throughout the shorter of: (a) the remainder of the term of the relationship between Cardinal Health and GPO under the Prime Vendor Agreement or (b) the reminder of the term of the relationship between GPO and the Member."

   d)   The Member represents and warrants to Cardinal Health that the Member has complied with, and is currently and will be at all times during the term in compliance with, all applicable licensing requirements of all applicable federal, state and local governmental authorities, including without limitation any licensing requirements to purchase, receive, posses, store, use, dispense, and/or distribute or otherwise dispose of pharmaceutical products…."

_____

[6] The forgoing is a blatant lie.

10

MARCARIAN LAW FIRM

60.    The Certification Agreement still is in effect, except provisions that are unconscionable, invalid and unenforceable.

61.    Cardinal Health breached the Certification Agreement as set forth herein.

62.    Pharmacy was harmed, and continues to be harmed, in a sum according to proof at trial.

63.    Cardinal Health's breach of the Certification Agreement was a substantial factor in causing the Pharmacy's harm. As a result of the foregoing, the Pharmacy has sustained damages according to proof at trial.

**FOURTH CAUSE OF ACTION**
**(Breach of the Covenant of Good Faith and Fair Dealing)**
**Against Defendants and Does 1 through 20**

64.    Pharmacy incorporates by reference each and every allegation set forth in Paragraphs 1 through 57 as if set forth in full herein.

65.    As alleged above, the Pharmacy and Cardinal Health entered into various contracts beginning on or about early February 2021.

66.    Pharmacy performed all, or substantially all of the significant things that the parties' contracts required it to do.

67.    All conditions required for Cardinal Health's performance has materialized.

68.    Cardinal Health's wrongful conduct including its abrupt termination of the Pharmacy's ability to purchase controlled substances from Cardinal Health has prevented Pharmacy from receiving the benefits under the parties' contract and arrangements.

69.    That by doing so, Cardinal Health did not act fairly and in good faith.

70.    Pharmacy was harmed by Cardinal Health's conduct in a sum according to proof at trial.

**FIFTH CAUSE OF ACTION**
**(Unfair Competition in Violation of California Business & Professions Code §§ 17200 et seq)**
**Against Defendants and Does 1 through 20**

71.    Pharmacy incorporates by reference each and every allegation set forth above as if set forth in full herein.

11

COMPLAINT

MARCARIAN LAW FIRM

72.     In taking the actions alleged herein, Cardinal Health has engaged in numerous unlawful violations and unlawful acts, including, but not limited to, the following:

73.     Cardinal Health has placed the Pharmacy in a precarious position that could result in the Pharmacy's violation of the requirements of Business and Professions Code section 733, subdivision (a).

74.     Cardinal Health's conduct as alleged above constitutes unfair and unlawful business practices within the meaning of California Business & Professions Code sections 17200 et seq.  California Business & Professions Code sections 17200 et seq. are designed to protect against unfair competition and allow persons who have suffered harm as a result of an unfair, unlawful, or fraudulent business practice to seek restitution.

75.     Unless restrained, Cardinal Health will continue to commit the unfair and unlawful business practices alleged above.  Pharmacy therefore seeks a preliminary and permanent injunction pursuant to California Business & Professions Code section 17203 to enjoin Cardinal Health from continuing to engage in unlawful business practices as alleged above.

## PRAYER

**WHEREFORE**, the Pharmacy hereby demands a jury trial and judgment against Defendants for the following:

(1)  **FIRST CAUSE OF ACTION (Breach of Fiduciary Duty)**

    a)  General damages in a sum according to proof;

    b)  Special damages in a sum according to proof;

    c)  Exemplary damages in a sum according to proof.

(2)  **SECOND CAUSE OF ACTION (Constructive Fraud)**

    a)  General damages in a sum according to proof;

    b)  Special damages in a sum according to proof;

    c)  Exemplary damages;

    d)  Injunctive relief requiring Cardinal Health to produce any and all agreements affecting the rights of the Pharmacy with respect to the

12

arrangements between the parties including the Member Terms and Conditions document, if it exists and the Prime Vendor Agreement.

**(3)    THIRD CAUSE OF ACTION (Breach of Contract)**

a)  General damages in a sum according to proof;

b)  Special damages in a sum according to proof;

c)  Incidental damages in a sum according to proof.

**(4)    FOURTH CAUSE OF ACTION (Breach of the Covenant of Good Faith and Fair Dealing)**

a)  General damages in a sum according to proof;

b)  Special damages in a sum according to proof;

c)  Exemplary damages.

**(5)    FIFTH CAUSE OF ACTION (Unfair Competition in Violation of California Business & Professions Code §§ 17200 et seq.)**

a)  For a temporary restraining order, preliminary injunction and permanent injunction restraining Cardinal Health and its agents and employees from continuing to commit unlawful, unfair and fraudulent practices in violation of Business & Professions Code sections 17200 et seq.

///
///
///
///
///
///
///
///
///
///

13

COMPLAINT

**(6)    ALL CAUSES OF ACTION**

      a)   For a temporary restraining order, preliminary injunction and permanent injunction against Cardinal Health;

      b)   For interest as allowed by law;

      c)   For costs of suit;

      d)   For reasonable attorney's fees; and

      e)   Any other and further relief that the Court deems proper.

MARCARIAN LAW FIRM
A Professional Law Corporation

Date:    June 22, 2022          By:    _____

ARMOND MARCARIAN
MARCARIAN LAW FIRM, P.C.
Attorney for WholeRx, Inc.

MARCARIAN LAW FIRM

14

COMPLAINT

**Exhibit 1**

**DECLARATION OF** ███████████████

I, ███████████████, declare and state as follows:

1.      I am 74 years old and my husband ███████████ is 76 years old.

2.      We have been patients of Porter Ranch Pharmacy (the "Pharmacy) in Porter Ranch California for approximately ten (10) years.

3.      I have personal knowledge of the facts stated in this declaration and could competently testify thereto if called as a witness.

4.      I am aware that the Pharmacy's prescription drug wholesaler very recently stopped shipment of controlled substance medications to the Pharmacy and, as a result, the Pharmacy is unable to fill our prescriptions for controlled substances.

5.      Before using Porter Ranch Pharmacy, we received our prescription drugs from Walgreen's which was a pain in the neck. There is little personal service and long lines. No attention to details and we were simply just numbers.  We decided to change to Porter Ranch Pharmacy. and, I am so glad we did.

6.      The pharmacists at the Pharmacy are very knowledgeable and take a very good take care of my medication needs.

7.      I have a number of medical conditions including Temporomandibular Joint disorder ("TMJ"), irritable bowel syndrome, arthritis and have fallen on my face and hips many times resulting in injury.  For pain, I take the generic form of Tylenol with codeine. I also take amitriptyline, generic Motrin and the generic form of Flexeril.

8.      My husband takes the generic form of Klonopin, a controlled substance, the generic forms of Lexapro and Flexeril and trazadone.

9.      I do not drive and, therefore, heavily rely on the delivery service offered by the Pharmacy.

10.     I do not want to transfer our medications from the Pharmacy to any other pharmacy because the pharmacists at the Pharmacy are very attentive to our needs.

11.     We have the right to select the pharmacy of our choice and, at our older age, do not want a transition that might not work for our needs.

1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 20, 2022, at Porter Ranch, California.



2

**DECLARATION OF** ███████████

I, ████████████, declare and state as follows:

1.      I am 66 years old and I have been a patient at Porter Ranch Pharmacy (the "Pharmacy") in Porter Ranch California for over (10) years.

2.      I have personal knowledge of the facts stated in this declaration and could competently testify thereto if called as a witness.

3.      I am aware that the Pharmacy's prescription drug wholesaler very recently stopped shipment of controlled substance medications to the Pharmacy and, as a result, the Pharmacy is unable to fill my pain medications.

4.      I decided to use the Pharmacy when I repeatedly received the wrong medication from CVS and because of the poor patient care they offered when I used to get my prescriptions filled at CVS.

5.      The pharmacists at the Pharmacy take a very good care of me and go beyond the call of duty to help me.  They monitor my medications very closely.  I rather die than go back to CVS or any other pharmacy. I have been spoiled with the wonderful service and the personal care I have been receiving from the Pharmacy.

6.      I have the absolute right to choose the pharmacy I want to use for my medications.

7.      I have a lower back pain that shoots down to my legs and makes it very difficult to function unless I take my pain medications – morphine and generic Percocet. I also take an anti-anxiety medication (lorazepam) and take something for sleep. I also take Seroquel and clonidine. Not all of the medications I reference in this declaration are controlled substances. However, if the Pharmacy's drug wholesaler does not restore the Pharmacy's ability buy controlled substances from its wholesaler, I would be unable to get my controlled substance prescriptions from the Pharmacy.  As stated above, I do not want to transfer my prescriptions to another pharmacy.

8.      In my opinion, the Pharmacy's wholesaler's decision to cut off the Pharmacy puts my health and safety and those of others at risk.

1

MARCARIAN LAW FIRM

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 20, 2022, at Porter Ranch, California.

2

DECLARATION OF ████████

MARCARIAN LAW FIRM

## DECLARATION OF ███████████

I, ████████████████, declare and state as follows:

1.      I am 44 years old and I have been a patient of Porter Ranch Pharmacy (the "Pharmacy) in Porter Ranch California for over five (5) years.

2.      I have personal knowledge of the facts stated in this declaration and could competently testify thereto if called as a witness.

3.      Porter Ranch Pharmacy is a community retail pharmacy which is located very close where I live and that makes it very convenient for me to use the Pharmacy's services. However, the Pharmacy's close proximity to where I live is not the only consideration for my decision to use the Pharmacy's services.

4.      The pharmacists at the Pharmacy are very knowledgeable and take a very good take care of my medication needs.

5.      I have a number of medical conditions including hypertension, high cholesterol, hormonal deficiency and I suffer from chronic pain due to a complex back surgery caused by degenerative disc disease approximately four (4) years ago.

6.      I take the generic equivalent of Norco, which is a controlled substance.  The drug is for chronic pain and unless I take my prescription pain medication, I would not be able to carry out my daily living activities.

7.      I am aware that the Pharmacy's prescription drug wholesaler very recently stopped shipment of controlled substance medications to the Pharmacy and, as a result, the Pharmacy is unable to fill my pain medication.

8.      I do not want to transfer my medications from the Pharmacy to any other pharmacy because the pharmacists at the Pharmacy are very attentive to my needs and have never failed to timely fill any of my medications.

9.      The pharmacists at the Pharmacy answer all my questions regarding my medications.

10.      I have the right to select the pharmacy of my choice and do not wish to go to another pharmacy for my medications and wish to remain a patient of the Pharmacy.

1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June ---, 2022, at Porter Ranch, California.

2

MARCARIAN LAW FIRM

MARCARIAN LAW FIRM

**<u>DECLARATION OF</u>** ███████████

I, ████████████████ declare and state as follows:

1. I am 67 years old and I have been a patient of Porter Ranch Pharmacy (the "Pharmacy) in Porter Ranch California for approximately one (1) year.

2. I have personal knowledge of the facts stated in this declaration and could competently testify thereto if called as a witness.

3. I am wheel-chair bound individual because of a spinal cord injury following an unsuccessful back surgery.

4. Since starting with Porter Ranch Pharmacy, I have been very pleased with the level of care I have received from the Pharmacy.

5. The pharmacists at the Pharmacy are very helpful and deliver my medications.

6. I suffer daily pain and use oxycodone and generic form of Lyrica to control my pain. I also have hypertension for which I take medications for.

7. I am aware that the Pharmacy's prescription drug wholesaler very recently stopped shipment of controlled substance medications to the Pharmacy and, as a result, the Pharmacy is unable to fill my pain medications.

8. I do not want to transfer my medications from the Pharmacy to any other pharmacy because the pharmacists at the Pharmacy are very attentive to my special needs. *I feel I would be lost if I am forced to change pharmacies because I understand it is very difficult to find a pharmacy to fill a prescription for oxycodone unless the pharmacy has a full medical history about the patient.* My pharmacists at the Pharmacy have a very comprehensive history about me and it took some time for my doctor and pharmacists to work out the documentation necessary to fill my prescriptions.

9. I have the right to select the pharmacy of my choice and do not wish to go to another pharmacy for my medications and wish to remain a patient of the Pharmacy.

////

////

1

MARCARIAN LAW FIRM

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 20, 2022, at Porter Ranch, California.



2

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )        FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                         )
                                  )
                                  )
                                  )
——————————————————————————————————)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6)  TECHNICAL REQUIREMENTS

a)  Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b)  The table of contents for any filing must be bookmarked.

c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

i)      Depositions;

ii)     Declarations;

iii)    Exhibits (including exhibits to declarations);

iv)    Transcripts (including excerpts within transcripts);

v)     Points and Authorities;

vi)    Citations; and

vii)   Supporting Briefs.

e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f)  Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Armond Marcarian (CBN 213883)<br>Marcarian Law Firm, P.C.<br>21650 Oxnard Street, Suite 1980<br>Woodland Hills, California 91367<br>TELEPHONE NO.: 818-995-8787    FAX NO. *(Optional):* 818-975-9999<br>E-MAIL ADDRESS *(Optional):* Armond@marcarianlaw.us<br>ATTORNEY FOR *(Name):* Plaintiff WholeRx INC., dba Porter Ranch Pharmacy | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: WholeRx INC., dba Porter Ranch Pharmacy

DEFENDANT/RESPONDENT: Cardinal Health, Inc. et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22STCV20506 |
|---|---|

TO *(insert name of party being served):* Cardinal Health, Inc.; Cardinal Health 110, LLC; Cardinal Heath 112, LLC; Leader Drug Stores, Inc. d/b/a LeaderNET

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 23, 2022

Kristina Markarian, Esq.
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

Civil Case Cover Sheet & Addendum; Alternative Dispute Resolution Information Package; First Amended General Order; Notice of Case Assignment; & Voluntary Efficient Litigation Stipulation Packet.

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# Superior Court of California, County of Los Angeles

<div style="border: 1px solid black;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

   a.  **The Civil Mediation Vendor Resource List**
      If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

   b.  **Los Angeles County Dispute Resolution Programs**
      https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

      Day of trial mediation programs have been paused until further notice.

      **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

   c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
              (INSERT DATE)                             (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)

               ➢  _____
                    (ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)

               ➢  _____
                    (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

               ➢  _____
                    (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

               ➢  _____
                    (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

               ➢  _____
                    (ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)

               ➢  _____
                    (ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)

               ➢  _____
                    (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new) <br> LASC Approved 04/11 <br> For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | Clear |
|---|---|---|

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ) ) ) ) ) ) ) |  ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*                    _____

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/22/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV20506 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _06/23/2022_____
        (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams_____, Deputy Clerk

LACIV 190 (Rev 6/18)         **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

#### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

#### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

#### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

#### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

#### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)       **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06