UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHOLERX INC., dba PORTER RANCH PHARMACY, a California Corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>CARDINAL HEALTH, INC.; CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 112, LLC; LEADER DRUG STORES, INC. DBA LEADERNET; and DOES 1 through 20, inclusive,<br><br>  Defendants. | Case No. 2:22-cv-04498-AB(KSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** |

The Court has considered all of the papers filed in connection with Plaintiff WHOLERX INC., dba PORTER RANCH PHARMACY's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 21). The Motion is **DENIED**.

Plaintiff's sole argument is that Defendants CARDINAL HEALTH, INC., et al. ("Defendants") failed to file with their Notice of Removal ("NOR," Dkt. No. 1) evidence supporting their allegations regarding the amount in controversy. But " 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' . . . '[e]vidence establishing the amount is required'" when "defendant's assertion of the amount in controversy is

1.

contested by plaintiff[]." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S.Ct. 547, 554 (2014). If the plaintiff challenges removal by filing a motion for remand, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy has been satisfied." *Dart Cherokee*, 125 S. Ct. at 554.

Here, Defendants allege in their NOR that from "May 2021 through May 2022, Plaintiff purchased from Cardinal Health an average of $47,915 of controlled scheduled drugs per month." NOR ¶ 21. In response to Plaintiff's Motion, Defendants filed with their opposition the Declaration of Chris Clayton, Senior Advisor with Defendants' Legal eDiscovery Team. *See* Clayton Decl. (Dkt. No. 24-1). This declaration adequately supports Defendants' allegation as to Plaintiff's average monthly purchases. Plaintiff filed no contrary evidence, and filed only objections that the Court hereby OVERRULES. Defendants further calculate that if Plaintiff's average purchases of controlled scheduled drugs remained the same average of $47,915 of per month, it would purchase at least $600,000 in controlled substances under the remainder of the contract, which extends until August 31, 2023. *See* Opp'n 5:12-15. This amount exceeds the $75,000 amount in controversy. Even assuming, without deciding, that extent the amount in controversy should be determined by Plaintiff's profits from those sales, Defendant has also pointed to evidence showing that profit margins for independent pharmacies like Plaintiff have averaged between 17% and 21% in recent years. *See* Opp'n fn. 2. The low end of that range—17% in gross profit margins—amounts to $102,000 in profits on the $600,000 of projected purchases remaining on the contract. This too surpasses the amount in controversy. The Court further finds that Defendants' estimate of the amount in controversy is based on reasonable assumptions. *See Academy of Country Music v. Continental Casualty Company*, 991 F.3d 1059, 1069 (9th Cir. 2021) ("when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the

amount in controversy may rely on reasonable assumptions").

Based on the foregoing unchallenged evidence, the Court finds that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional minimum. Given the foregoing, the Court need not address how much the other relief Plaintiff seeks—for example, attorneys' fees, punitive damages, injunctive relief—contributes to the amount in controversy.

The hearing on Plaintiff's Motion for Remand is **VACATED** and the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 18, 2022

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE